IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


LEROY ALEXANDER
    Movant,
    V.

Case No. 3:25-CV-1191

J. GREENE
    Respondent.


MOTION IN PURSUANT TO 28 U.S.C. SECTION 2241 (A)
FOR HABEAS CORPUS

    COMES NOW, Leroy Alexander, in propria persona, states that the District Court has jurisdiction upon the following:
    Title 28 U.S.C. Section 2241. Power to grant writ.
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.
THEREFORE, a district court judge has the power to grant such Writ.

EXECUTED, on this 26th day of June, 2025

By: _____
Leroy Alexander Movant
Allenwood Low Facility
Post Office Box 1000
White Deer, Pennsylvania

FILED
SCRANTON

JUN 30 2025

PER _____
DEPUTY CLERK

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I served upon the Clerk of Court, the said two copies of Writ of Habeas Corpus and Motion, to be served upon J. Greene, Warden, done on this 26th day of June, 2025.

By: _____
Leroy Alexander Movant
Allenwood Low Facility
Post Office Box 1000
White Deer, Pennsylvania

2.

|Case No.|
|---|

### IN THE
### UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEROY ALEXANDER
    Petitioner,

v.

3:25-cv-1191

J. GREENE
    Respondent.

---

### WRIT OF HABEAS CORPUS

---

By: Leroy Alexander
    Allenwood Low Facility
    Post Office Box 1000
    White Deer, Pennsylvania

JURISDICTIONAL STATEMENT

The district court has jurisdiction in pursuant to 28 U.S.C. Section 2241 (a).

VENUE

Venue is proper in this district court in pursuant to Title 5 U.S.C. Section 706 (2) (A) and (D).

PARTIES

Leroy Alexander, Allenwood Low Facility, Post Office Box 1000, White Deer, Pennsylvania, J. Greene, Warden, Allenwood Low Facility, Post Office Box 1500, White Deer, Pennsylvania.

PROCEDURAL HISTORY

Petitioner has exhausted his administrative remedies, 8,9, 10, and 11, and has been denied relief--at every level. Moreover, Petitioner had requested for RRC placement--through Unit Team. However, Unit Team has taken upon themselves, to interpret policy statement 7310.04, and while doing so, had ignored--the Second Chance Act, and the expressed statutory authority of 18 U.S.C. Section 3621 (b), the intent of Congress.

ISSUE NUMBER ONE: Petitioner claims a liberty interest in a less severe environment

SUPPORTING FACTS: Petitioner alleges that, Policy Statement Section 7310.04--reads in part, "Inmates in the following categories shall not ordinarily participate in CCC programs; Inmates with unresolved pending charges, or detainers, which would likely lead to arrest, conviction, or confinement." Moreover. Petitioner does not fit any of those categories--alleged in Policy Statement 7310.-04, and the decision to deny him of RRC or CCC placement, was based solely on his alleged numerous violations of parole, since 2009. See, annexed BP-11, exhibit. And because such decisions were made from those facts, the decisions of all levels--8,9,10, and 11, are

2.

arbitrary, capricious, abuse of discretion, and not in accordance with law. And second, they have failed to observe procedures required by law, 5 U.S.C. Section 706 (2)(A) and (D).

Also, because all levels has misinterpret Policy Statement 7310.04, Petitioner also relies upon Loper Bright Enters v. Raimondo, 219 L.Ed 2d 832, 2024. Moreover, Petitioner's release date is December 2025, which is about six months from now. And in pursaunt to Policy Statements--referred to as--28 CFR Sections 570.20 and 570.21, the BOP limited inmates community confinement to the last 10 percent of the prison sentence being served, not to exceed six months. And Petitioner alleges that, to out right--deny him of any RRC or home confinement, is arbitrary, and abuse of discretion,--because the Warden and the other levels has also failed, to honor Petitioner's 10 percent date, as well.

## RELIEF REQUESTED

WHEREFORE, Petitioner seeks relief of, immediate release to RRC placement, or Home Confinement, because he meets the relevant requirements. All of the facts are supported within this said Petition, and the Petitioner envokes the EMERGENCY RULE POWER of this court, or a district court judge. The Petitioner request that, an immediate order be issued, based upon the administrative record--that's annexed hereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I served upon the Clerk of Court, the said two copies of Writ of Habeas Corpus and Motion, to be served upon the Warden, J. Greene, done on this 26th day of June, 2025.

By: _____
Leroy Alexander
Allenwood Low Facility
Post Office Box 1000
White Deer, Pennsylvania

## VERIFICATION OF WRIT

I HEREBY DECLARE, and verify under the penalty of perjury, upon affirmation, that the facts contained within my writ is True, Correct, and Complete, to my own personal knowledge, wisdom and understanding, and not misleading. And I'm over the age of 18 years old, and is competent to testify to these facts, done on this 26th day of June, 2025.

By: _____
Leroy Alexander
Allenwood Low Facilty
Post Office Box 1000
White Deer, Pennsylvania

3.

